**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

KATHYRN L. MURPHY                                                PLAINTIFF

v.                                        CIVIL ACTION NO. 3:18CV52-NBB-RP

E.Z. CASH II, LLC                                           DEFENDANT

**ORDER GRANTING MOTION TO AMEND COMPLAINT
AND DENYING MOTION TO STAY DISCOVERY**

Plaintiff has moved to amend her complaint to add EZ Cash V, LLC as a defendant. Docket 23. Defendant, E.Z. Cash II, LLC has objected to the prosed amendment asserting that plaintiff has not exhausted her administrative remedies with respect to E.Z. Cash V, LLC, thus making the proposed amendment futile. Docket 32.

A party desiring to amend its complaint after an answer has been served must receive written consent of the opposing party or obtain leave of court. FED. R. CIV. P. 15(a). The Fifth Circuit has held "[a]mendments should be liberally allowed," but "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citations omitted); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). The court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment" in determining whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff named E.Z. Cash II, LLC as a defendant in her complaint and in her Charge of

Discrimination with the Equal Employment Opportunity Commission asserting that it committed violations of the Americans with Disabilities Act. Docket 1. E.Z. Cash II, LLC has filed a Motion for Summary Judgment asserting that plaintiff has never been employed by E.Z. Cash II, LLC, but instead was employed by E.Z. Cash V, LLC. Docket 20. As a result, defendant alleges that plaintiff has not exhausted her administrative remedies against E.Z. Cash V, LLC and should not be allowed to amend her complaint to identify the proper employer.

Plaintiff argues that defendant is judicially estopped from asserting that E.Z. Cash II, LLC is not a property party to the litigation because defendant's response to the Petition to Controvert in the workers' compensation case admitted that plaintiff's employer was E.Z. Cash II, LLC. Docket 33, p. 2. The Fifth Circuit has held that "judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F. 3d 571, 573 (5th Cir. 2011).

The court has considered defendant's objection on grounds of futility and finds that plaintiff's proposed amendment should be allowed. In light of defendant's admissions in the worker's compensation case, the undersigned will decline to conclude at this time that the plaintiff has failed to pursue her administrative remedies against E.Z. Cash V, LLC. Such a potentially dispositive issue is better suited, in this case, for determination in summary judgment proceedings. For these reasons, plaintiff's motion for leave to file her amended complaint is GRANTED. Plaintiff must file her amended complaint in the form attached to its motion (Docket 23) by July 31, 2018.

Defendant has filed a four-sentence motion to stay all discovery pending a ruling on the Motion for Summary Judgment. Defendant simply states that "Plaintiff should not be allowed

to conduct discovery against a party that is incorrectly named as a Defendant." Docket 22. Plaintiff responds that discovery is necessary to ascertain whether E.Z. Cash II, LLC and E.Z. Cash V, LLC are one integrated enterprise for purposes of the Americans with Disabilities Act. Docket 28. The court is not convinced that a stay of this case is proper. Clearly an issue exists as to the identify of the proper defendant and the only way to clarify that issue is through discovery. As such, defendant's Motion to Stay (Docket 22) is DENIED.

This, the 23rd day of July, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE